# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADVANCED MEDICAL REHAB, LLC, | * | CIVIL ACTION NO.: 2:17-cv-412 |
| PLAINTIFF, | * | JUDGE: JAY C. ZAINEY |
| VERSUS | * | SECTION A |
| CHERISSA CABAHUG LOFLIN, | * | MAG. JUDGE KAREN WELLS ROBY |
| | * | DIVISION 4 |
| DEFENDANT. | * | |

## OPPOSITION TO ADVANCED MEDICAL REHAB, LLC'S MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes Cherissa Cabahug, who files this Opposition to Advanced Medical Rehab, LLC's ("AMR") Motion to Remand, filed January 31, 2017, and represents:

### I. PROCEDURAL BACKGROUND

On January 3, 2017, Advanced Medical Rehab, LLC, filed a lawsuit in the Civil District Court for the Parish of Orleans entitled, "*Advanced Medical Rehab, LLC v. Cherissa Cabahug Loflin*" (the "Petition"), bearing case number 17-0052, alleging, among other causes of action, that Ms. Cabahug violated Louisiana's Unfair Trade Practices Act ("LUTPA") by her actions subsequent to her termination from AMR.

On January 18, 2017, Ms. Cabahug filed a Notice of Removal with this court asserting that AMR's state court action shared a common nucleus of operative fact with the instant matter and, therefore, should be litigated together with the federal court action pursuant to 28 U.S.C. § 1367(a).

## II. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER AMR'S STATE-LAW CLAIMS

AMR's LUTPA allegations furnish an anchor claim under 28 U.S.C. § 1367(a), and thus enables removal of the state court lawsuit under 28 U.S.C. §§ 1441(a) and 1441(b). AMR's state court Petition alleges that Ms. Cabahug violated Louisiana's Unfair Trade Practices Act ("LUTPA") by her actions subsequent to her termination from AMR.

LUTPA was specifically modeled after 15 U.S.C. § 45(a)(1) of the Federal Trade Commission Act of 1914 ("FTCA"). More importantly, the language of LUTPA mirrors that of the FTCA. Section 1405(A) of LUTPA and section 5(a)(1) of the FTCA are identical.[1] Secondly, the Louisiana Act exempts from coverage all conduct which complies with section 5(a)(1) of the FTCA. Therefore, acts which contravene section 5(a)(1) of the FTCA can be interpreted as violations of the Louisiana Act.[2] Because LUTPA mirrors its federal counterpart, this court has discretion to exercise jurisdiction over AMR's state-law claims.

Since the enactment of LUTPA by the Louisiana Legislature in 1972, federal courts have routinely exercised jurisdiction over state-law claims when brought in conjunction with federal question causes of action. See *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488 (5th Cir. 1990), wherein the court determined the relationship of parties in a violation of LUTPA action brought together with a breach of contract action. See also *Turner v. Purina Mills, Inc.* 989 F.2d 1419, 1423 (5th Cir. 1993).

---

[1] LA. R.S. 51:1405(A): Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." 15 U.S.C. § 45 (a)(1) (1970): Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful. The only significant difference is that Louisiana's Act extends to trade as well as commerce.

[2] LA. R.S. 51:1406(4).

The seminal case concerning pendent jurisdiction is *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966). In *Gibbs,* the plaintiff brought an action in federal district court asserting two parallel claims: a federal statutory claim and a state-law claim. Although the federal claim was ultimately dismissed and complete diversity of citizenship was lacking between plaintiff and defendant, the Supreme Court upheld the district court's exercise of pendent jurisdiction over the plaintiff's state-law claim and emphasized that pendent jurisdiction is a doctrine of discretion. *Id.* at 726-727.

*Gibbs* instructed federal courts that justification for pendent jurisdiction lies in considerations of judicial economy, convenience and fairness to litigants. *Id.* The Court found that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law". *Id.* at 715.

The *Gibbs* test is a flexible one, under which courts should conduct a fact-specific inquiry and consider the totality of circumstances of each case. *Id.* at 725. Federal question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they "derive from a common nucleus or occurrence of operative fact" as the federal claim. *Id.* A loose factual connection between the claims is generally sufficient. *CheckPoint Fluidic Systems Intern. v. Guccione*, 2012 WL 195533 (E.D. La. 1/23/2012).[3]

---

[3] In this false advertising and unfair competition action, the court, plaintiff asserted violations of the Louisiana Trade Secrets Act (LTSA) and LUTPA, breach of contract, and breach of fiduciary duty. The court held that it had jurisdiction over the LUTPA and LTSA claims, but dismissed defendant's claim of breach of fiduciary duty, finding no common nucleus of operative fact. *Id.* at *4.

For the requisite relationship between the state and federal claims to exist under *Gibbs*, three conditions must be met. First, the federal and state claims must derive from a common nucleus of operative fact. *Id.* Second, the federal claim must have substance sufficient to confer subject-matter jurisdiction on the federal court. *Id.* Third, the federal and state claims must be such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. *Id.* If these three conditions are satisfied, then the federal court has power to decide the whole case. *Id.* Ms. Cabahug asserts that the requisite conditions have been met; thus removal is appropriate.

## II. THE STATE AND FEDERAL CLAIMS IN THIS CASE ARISE OUT OF A COMMON NUCLEUS OF OPERATIVE FACT

Under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008)(citing Grable, 545 U.S. at 314).

Here, both state and federal claims arise out of the same common nucleus of operative fact, i.e. Cherissa Cabahug's employment with AMR and most, if not all, of the evidence is relevant to both parties' claims. The claims contain common questions of law and fact and are so intertwined that they are not separate and independent. Assuming *arguendo* that AMR's claims can only be characterized as state-law claims, those claims necessarily depend on the resolution of a substantial, actually disputed question of federal employment law as to whether AMR violated the Fair Labor Standards Act. Accordingly, issues of federal law remain central to this action, and given the significance of the federal question raised in Ms. Cabahug's Complaint, allowing this action to proceed in federal court would not disturb the balance of federal and state

judicial responsibilities. Moreover, because the same set of facts are relevant to both claims; it is expected that both claims will be tried at the same time and in one judicial proceeding. Deciding both parties' claims in a single proceeding will facilitate judicial economy and convenience by avoiding redundant proceedings.

### III. REQUEST FOR ATTORNEY'S FEES

AMR has requested that attorneys' fees and expenses be awarded for having to file its motion to remand. Even if this court determines that remand is necessary, it should deny AMR's request for attorney's fees pursuant to 28 U.S.C. § 1447(c). While the removal statute allows a court ordering remand to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal", this discretion, however, is not unlimited. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); see also *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir.2000) ("Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them."). In making this determination, the court "does not consider the motive of the removing defendant." *Valdes*, 199 F.3d at 292-93. Rather, the court must consider the objective merits of removal "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id.* at 293. Accordingly, because Ms. Cabahug had objectively reasonable grounds upon which to remove this case, this court should deny AMR's request for attorney's fees.

## IV. CONCLUSION

**WHEREFORE**, for the above and foregoing reasons, Cherissa Cabahug Loflin respectfully requests that this Court exercise the discretion granted to it pursuant to 28 U.S.C. §§ 1441(a) and 1441(b), take original and supplemental jurisdiction of this action, and deny Advanced Medical Rehab, LLC's motion to remand and request for attorney's fees.

**RESPECTFULLY SUBMITTED**, this the 14th day of February, 2017.

**TAGGART MORTON, LLC**

/s/ *Dorothy L. Tarver*
Dorothy L. Tarver (La. Bar No. 29714)
1100 Poydras Street, Ste. 2100
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501
Email: dtarver@taggartmorton.com
***Attorney for Cherissa Cabahug Loflin***

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of February, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

David K. Theard
P.J. Kee
Jones Walker, LLP
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170-5100
***Attorneys for Advanced Medical Rehab, LLC***

/s/ *Dorothy L. Tarver*