# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| ADVANCED MEDICAL REHAB, LLC | ) | |
|---|---|---|
| Plaintiff, | ) | CIVIL ACTION NO: 2:17-cv-412 |
| v. | ) | SECTION A JUDGE ZAINEY |
| CHERISSA CABAHUG LOFLIN | ) | |
| Defendant. | ) | DIVISION 4 JUDGE ROBY |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

The Opposition of Defendant, Cherissa Cabahug Loflin, to Advanced Medical Rehab, LLC's ("AMR") Motion to Remand ignores a critical fact- the instant case is a separately filed matter from the case she attempts to use as her "anchor" claim for supplemental jurisdiction. The instant case, *Advanced Medical Rehab, LLC v. Cherissa Cabahug Loflin*, Civil Action No. 2:17-cv-412, was originally filed in the Civil District Court for the Parish of Orleans before being improperly removed to this Court by Ms. Cabahug-Loflin. In the instant case, AMR requests damages for breach of contract, violation of the Louisiana Unfair Trade Practices Act ("LUPTA") and for conversion, and requests injunctive relief. In Ms. Cabahug Loflin's putative "anchor" claim, *Cherissa Cabahug and Gina Ramos v. Michelle Seiler Tucker, Advanced Medical Rehab, LLC, and Capital Business Solutions*, Civil Action No. 2:17-cv-00241, Ms. Cabahug Loflin and another plaintiff, Gina Ramos, filed suit in federal court against AMR and two other parties, alleging violations of the Fair Labor Standards Act and the Louisiana Wage Payment statute. These are two completely separate matters. Ms. Cabahug Loflin's "anchor" claim involves **three additional parties**. Ms. Cabahug Loflin's opposition completely ignores this critical fact. In fact, Ms. Cabahug Loflin seems to conflate the two matters when she states in

{N3368542.1}

her Opposition that "[o]n January 18, 2017, Ms. Cabahug filed a Notice of Removal with this court asserting that AMR's state court action shared a common nucleus of operative fact **with the instant matter** and, therefore, should be litigated together with the federal court action pursuant to 28 U.S.C. § 1367(a)." (emphasis added). "The instant matter," or the matter which Ms. Cabahug Loflin filed her opposition in and which Plaintiff files this Reply, is the matter originally filed in state Court. As stated above, the instant matter is completely separate from the federal court matter originally filed by Ms. Cabahug Loflin and Gina Ramos.

In addition, Ms. Cabahug Loflin failed to provide any support, legal or otherwise, for her allegation that because "LUPTA mirrors its federal counterpart, this court has discretion to exercise jurisdiction over AMR's state law claims." (Dkt. # 10, p. 2 of 6, Section II). This simply is not true, as outlined in AMR's Motion to Remand. *MSOF Corp. v. Exxon Corp.*, 295 F. 3d 485, 490 (5th Cir. 2002) ("A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action"), *citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed. 2d 319 *1987) (Even if a plaintiff has a federal cause of action, he "may avoid federal jurisdiction by exclusive reliance on state law.") Ms. Cabahug Loflin's Opposition completely ignores this binding federal precedent and provides no support otherwise.

Ms. Cabahug Loflin also ignores AMR's well-supported argument that a separately filed federal lawsuit cannot be an "anchor" for supplemental jurisdiction for a separately filed state court lawsuit. *See Halmekangas v. State Farm Fire and Casualty Co.*, 603 F.3d 290 (5th Cir. 2010). Ms. Cabahug Loflin cites to cases such as *Taquino v. Teledyne Monarch Rubber*, 893 F. 2d 1488 (5th Cir. 1990), and *Turner v. Purina Mills, Inc.*, 989 F.2d 1419 (5th Cir. 1993), which

are cases that originally included federal causes of action in addition to causes of action under LUPTA or were in federal court because of diversity jurisdiction. Therefore, the Court presumably exercised supplemental jurisdiction over the state causes of action because they were filed alongside federal causes of action. Neither of those cases touched on whether a party can use a separately filed federal lawsuit as an avenue for supplemental jurisdiction for removal of a state court lawsuit. In *Halmekangas v. State Farm Fire and Casualty Co.*, 603 F.3d 290 (5th Cir. 2010), the Fifth Circuit explicitly found that a party cannot use a separately filed federal lawsuit as an avenue for supplemental jurisdiction for removal of a state court lawsuit. The cases cited by Plaintiff are completely inapplicable to the issues before the Court.

To the extent the Court feels the need to consider whether the two separate lawsuits arise out of the same nucleus of operative fact, Ms. Cabahug Loflin's statements related to those claims are false. For example, she states "[a]ssuming *arguendo* that AMR's claims can only be characterized as state-law claims, those claims necessarily depend on the resolution of a substantial, actually disputed question of federal employment law as to whether AMR violated the Fair Labor Standards Act." (Dkt. # 10, p. 4 of 6). This contention is flat out wrong. Ms. Cabahug Loflin fails to explain how AMR's allegations that she stole company information and engaged in unfair trade practices would in any way depend on the determination of whether AMR violated the Fair Labor Standards Act. The two claims are completely unrelated.

Finally, Ms. Cabahug Loflin's Opposition has done nothing to weaken AMR's contention that it should be awarded attorney's fees and costs incurred in having to draft and file a Motion to Remand and this Reply brief in response to the baseless removal of this matter. In fact, Ms. Cabahug Loflin's Opposition strengthens AMR's request for attorney's fees and costs. Ms. Cabahug Loflin cited no relevant caselaw in support of her removal, and in fact, she completely

ignored many of AMR's well-supported arguments. Therefore, the Court should award AMR attorney's fees and costs pursuant to 28 U.S.C. § 1447.

IV. **Conclusion**

AMR's case should not have been removed. Therefore, AMR's case should be remanded back to Civil District Court for the Parish of Orleans and AMR should be rewarded its attorney's fees and costs for the drafting and filing of the Motion to Remand and this Reply brief..

Respectfully submitted,

/s/ *David K. Theard*
David K. Theard (LA # 31987)
Peter J. Kee (LA #34860)
Jones Walker LLP
201 St. Charles Avenue – 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8402
Facsimile: (504) 589-8402
dtheard@joneswalker.com
pkee@joneswalker.com
***Attorneys for Defendant, Advanced Medical Rehab, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of Court on this 15th day of February, 2017, to be served on all counsel of record by operation of the Court's electronic filing system.

/s/ *David K. Theard*
David K. Theard

{N3368542.1}