UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADVANCED MEDICAL REHAB, LLC | CIVIL ACTION |
| VERSUS | NO. 17-412 |
| CHERISSA CABAHUG LOFLIN | SECTION A(4) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 9)** filed by plaintiff Advanced Medical Rehab, LLC ("AMR"). Defendant Cherissa Cabahug opposes the motion. The motion, submitted to the Court on February 22, 2017, is before the Court on the briefs without oral argument.

Advanced Medical Rehab, LLC filed a petition against Cherissa Cabahug Loflin in the Civil District Court for the Parish of Orleans. The claims arise out of a prior contractual relationship between the parties. All of the claims are based on state law. According to the Petition, both AMR and Cabahug are Louisiana citizens.

On January 18, 2017, Cabahug filed a Notice of Removal, in which she characterized herself as the plaintiff in the action and AMR as the defendant.[1] The Notice purports to effect removal pursuant to 28 U.S.C. § 1441(a), which is quoted at length:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have **original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis by the Court).

---

[1] Also, the caption on the Notice of Removal incorrectly reverses the role of the parties. The Clerk for this district, however, has correctly captioned the case notwithstanding the Notice.

Thus, removal—which is strictly a creature of statute and one subject to narrow construction at that—expressly requires **original** subject matter jurisdiction. Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is not original subject matter jurisdiction for purposes of removal. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Accordingly, Cabahug's suggestion that this action was removable because it shares a common nucleus of operative fact with Civil Action 17-241 is legally incorrect.

Struggling to find a basis for original subject matter jurisdiction, and diversity of citizenship lacking, Cabahug asserts that Plaintiff's state law claims actually arise under federal law because the Louisiana Unfair Trade Practices Act was modeled after a federal statute. This argument is not supported by existing law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by plaintiff Advanced Medical Rehab, LLC is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c). The request for attorney's fees and costs is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for Leave to File a Sur-reply (Rec. Doc. 15)** is **DENIED**.

March 14, 2017

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE